# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50495 | **DATE** | 4/12/2004 |
| **CASE TITLE** | Scholl vs. Rogers Ready Mix | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants Local 325's motion to dismiss in part, denies it in part, and grants plaintiff's request for leave to file a second amended complaint.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 4-13-04 | |
| | | | date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs filed a four-count, amended complaint against defendants, Teamsters Local Union 722 (Local 722) and Teamsters Local Union 325 (Local 325), alleging a breach of the duty of fair representation under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (2002) as to Local 722 and Local 325 and state-law claims of promissory estoppel and fraud as to Local 325. Local 325 has moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the fair representation claim because it fails to state a claim, is not supported by evidence, and is barred by the six-month statute of limitations. Local 325 further moves to dismiss the state-law claims as preempted by section 301. Plaintiff, in their response, alternatively seeks leave to file a second amended complaint.

In assessing a Rule 12(b)(6) motion, the court views the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences in the plaintiff's favor. Lee v. City of Chicago, 330 F. 3d 456, 459 (7th Cir. 2003).

Initially, the court denies the motion to dismiss the fair representation claim on the basis of a lack of evidentiary support. That is not a proper basis for a Rule 12(b)(6) motion to dismiss. Similarly, the statute of limitations defense cannot be resolved via a Rule 12(b)(6) motion.

That leaves Local 325's contention that the fair representation count fails to state a claim. A union breaches its duty of fair representation only if its actions are arbitrary, discriminatory, or in bad faith. Neal v. Newspaper Holdings, Inc., 349 F. 3d 363, 369 (7th Cir. 2003). Each of these possibilities must be considered separately in determining whether a breach has been established. Neal, 349 F. 3d at 369. Whether a union's activities are discriminatory or in bad faith is a subjective inquiry that requires proof that the union acted or failed to act because of an improper motive. Neal, 349 F. 3d at 369. Whether a union's actions are arbitrary calls for an objective inquiry. Neal, 349 F. 3d at 369. A union acts arbitrarily only if its behavior is so far outside a wide range of reasonableness as to be irrational. Neal, 349 F. 3d at 369. Mere negligence, however, does not state a claim for breach of the duty of fair representation. Neal, 349 F. 3d at 369.

In so far as grievances are concerned, a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion. Neal, 349 F. 3d at 369. Only an egregious disregard for the union member's rights constitutes a breach of the union's duty, and it is not obligated to take all member grievances to arbitration. Neal, 349 F. 3d at 369. Rather, a union has the discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer. Neal, 349 F. 3d at 369.

Here, plaintiffs have alleged (minimally) that because of hostility on the part of Local 325 toward them that Local 325 was "arbitrary and grossly negligent" in handling their grievances. The court will grant the motion to dismiss to the extent plaintiffs allege gross negligence as that is insufficient to trigger liability for a breach of the duty of fair representation.

The court will deny the motion to dismiss, however, as to the allegation of arbitrariness in handling of the grievances. While it is not entirely clear what the basis for the arbitrariness is (the claim of hostility sounds more akin to bad faith or discrimination), under the liberal pleading standard applicable here, plaintiffs have stated a claim. The precise nature of the claim should become more apparent through the discovery process.

As for the state-law claims of promissory estoppel and fraud against Local 325, those claims are preempted by the LMRA. If the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law is preempted and federal labor law must be employed to resolve the dispute. Smith v. Colgate-Palmolive Co., 943 F. 2d 764, 768 (7th Cir. 1991), citing Lingle v. Norge Div. of Magic-Chef, 486 U.S. 399, 108 S. Ct. 1877 (1988). Federal law applies if evaluation of the state tort claim is inextricably intertwined with consideration of the terms of the labor contract. Smith, 943 F. 2d at 768. The starting point for determining whether the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement is an examination of the elements of the state-law claim. Smith, 943 F. 2d at 768. State tort claims that have an element of reasonable reliance necessarily depend on an interpretation of the particular labor agreement where a determination of whether the plaintiff's reliance on an assertion by the defendant was reasonable depends on what the agreement provides. Smith, 943 F. 2d at 768-69 (fraud); Wilcher v. Kroger Co., 2002 WL 244573, *6-8 (S.D. Ind. Feb. 6, 2000) (fraud and promissory estoppel); Rollie Winter & Assoc., Ltd. v Fox River Valley Building & Construction Trades Council, 59 F. Supp. 2d 807, 813-14 (E.D. Wisc. 1999) (promissory estoppel and misrepresentation).

In this case, both the promissory estoppel and fraud claims allege that plaintiffs "reasonably relied upon the truth" of the alleged statement by Local 325 that plaintiffs would retain their hire date seniority if they voted to certify Local 325 as their exclusive bargaining agent. The issue of whether such reliance was reasonable depends on what the applicable labor agreement provided in this regard. Thus, both state-law claims are preempted by section 301 of the LMRA and are, therefore, dismissed. In doing so, the court gives plaintiffs 14 days, should they decide to do so, to file a second amended complaint re-alleging the state-law claims as ones under section 301, if such claims may be properly alleged under the facts of this case.

For the foregoing reasons, the court grants Local 325's motion to dismiss in part, denies it in part, and grants plaintiff's request for leave to file a second amend complaint.